UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK P. MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | ) Case No. CV 08-05408 JC<br>)<br>)<br>) MEMORANDUM OPINION<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## I.  SUMMARY

On August 20, 2008, plaintiff Mark P. Martinez ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; August 25, 2008 Case Management Order ¶ 5.

///

1    Based on the record as a whole and the applicable law, the decision of the
2    Commissioner is AFFIRMED.  The findings of the Administrative Law Judge
3    ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On October 19, 2005, plaintiff filed an application for Supplemental Security Income benefits.  (Administrative Record ("AR") 11, 63).  Plaintiff asserted that he became disabled on October 19, 2005, due to back pain, surgery on his right hand, and trouble sleeping.  (AR 98-99).  The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on March 17, 2008.  (AR 223-42).

On April 24, 2008, the ALJ determined that plaintiff was not disabled from the date the application was filed (*i.e.*, October 19, 2005) through the date of the decision.  (AR 12).  Specifically, the ALJ found:  (1) plaintiff suffered from the following severe impairments:  degenerative disc disease of the lumbar spine; cellulitis and lipomas, status post excision; obesity; right hand nerve damage; and right shoulder impingement syndrome (AR 13); (2) plaintiff's alleged mental impairments (*i.e.*, polysubstance abuse and mood swings, both in remission) were not severe (AR 13-14); (3) plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments (AR 14); (4) plaintiff retained the residual functional capacity to perform light work with certain exertional limitations (AR 15);[2] (5) plaintiff had no past relevant work (AR

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability.  See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2] More specifically, the ALJ determined that plaintiff (i) could stand, walk, or sit for 4 out of 8 hours a day, with a sit/stand option; (ii) could perform occasional stooping, crouching, and
(continued...)

19); (6) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 19); and (6) plaintiff's testimony regarding his limitations warranted only partial credit (AR 18).

The Appeals Council denied plaintiff's application for review. (AR 3-5).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

---

[2](...continued)
crawling; (iii) could occasionally handle/finger with the right upper extremity; and (iv) could occasionally reach overhead with the right upper extremity. (AR 14-15).

|   |     |     |
|---|-----|-----|
| 1 | (4) | Does the claimant possess the residual functional capacity to perform his past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five. |
| 4 | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ Properly Evaluated Plaintiff's Credibility

#### 1. Pertinent Law

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner.  Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006).  If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment.  Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record establishes the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect.  Robbins, 466 F.3d 880 at 883 (citations omitted).  Where the record includes objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms of which the claimant complains, an adverse credibility finding must be based on clear and convincing reasons.  Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1160 (9th Cir. 2008) (citations omitted).  The only time this standard does not apply is when there is affirmative evidence of malingering.  Id.  The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony."  Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; Social Security Ruling ("SSR") 96-7p. Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment. Burch, 400 F.3d at 681.

### 2. Pertinent Facts

At the hearing before the ALJ, plaintiff testified as follows: He has swelling in his legs and feet, more on his left side, and his heels and feet feel like they are "bruised." (AR 228-29). Most of the time he wears sandals because the swelling in his foot makes it too painful to put on tennis shoes. (AR 232). He experiences a "pulling sensation" on his left side from his foot up through his back. (AR 228-29). He has pain in his back and neck. (AR 234, 236). Due to surgery on his right hand he has nerve damage in his middle three fingers of his right hand. (AR 230). He is able to dress himself and bathe himself, but cannot help around the house or go shopping, does not go to the doctor or take public transportation on his own, and does not drive. (AR 232-33). Due to his pain, plaintiff can walk only half a block without stopping, can stand for only ten minutes at a time, usually lays on his right side at home but must shift positions often, can sit only for five to ten minutes, and can lift and carry 10-15 pounds, but only with his left hand. (AR 234-35). He has no strength in his right hand, and is unable to write, grasp, hold, lift or carry anything with his right hand. (AR 230-31, 235).

Plaintiff also testified that he suffers from depression, which causes him to lose sleep and have "weird dreams," mood swings, and "suicidal thoughts all the time." (AR 229-30). He takes Zyprexa and amitriptyline for the depression, which causes him to feel "groggy" and sleep a lot during the day. (AR 229-30, 233). He gained 100 pounds due to the depression. (AR 234). Although his doctor said he needed to lose weight to relieve his back pain, and plaintiff has tried to lose weight, he has been unable to do so because he cannot exercise due to the pain in his back and legs. (AR 234).

### 3.     Analysis

Plaintiff contends that the ALJ inadequately evaluated the credibility of his subjective complaints. (Plaintiff's Motion at 3-10). The Court disagrees. The ALJ presented clear and convincing reasons for discounting plaintiff's testimony, and thus did not err in his assessment of plaintiff's credibility.

First, the ALJ could properly discredit plaintiff's subjective complaints due to internal conflicts within plaintiff's own statements and testimony. See Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997) (in weighing plaintiff's credibility, ALJ may consider "inconsistencies either in [plaintiff's] testimony or between his testimony and his conduct"); see also Fair, 885 F.2d at 604 n.5 (9th Cir.1989) (ALJ can reject pain testimony based on contradictions in plaintiff's testimony). Here, the ALJ noted several inconsistencies in plaintiff's testimony. Plaintiff testified that he felt sluggish when taking his medication, yet he had reported no side effects from his medication. (AR 15) (citing Exhibit E13 [AR 102]). Plaintiff testified that he did not go to the doctor alone, and that his mother would take him wherever he needed to go, yet he had previously reported that he had a girlfriend of 12 years, could use public transportation, and depended on friends to go places. (AR 15-16) (citing Exhibit F28 [AR 193]). Plaintiff also testified that he suffered from depression,
///

but did not even mention such a mental impairment when he applied for benefits. (AR 13 n.1).

Second, the ALJ could properly consider plaintiff's failure to "seek treatment or to follow a prescribed course of treatment" in assessing credibility. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). As the ALJ noted, despite regular instructions from his physicians to diet and exercise to lose weight, plaintiff "just stays home without doing any physical work." (AR 16, 17) (citing Exhibit F33-F42 [AR 179-88]). In addition, although plaintiff complained that he still suffered disabling depression, as the ALJ noted, the record lacks evidence that plaintiff sought or received mental health treatment beyond medication prescribed by his treating physicians. (AR 13 n.1, 18).

Third, an ALJ may discredit a plaintiff's subjective symptom testimony in part based on conflicts with objective medical evidence. Burch, 400 F.3d at 681; Rollins, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citation omitted). Here, treatment notes and other medical records do not evidence that plaintiff is necessarily as inactive as he claims. See Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly discredited plaintiff's testimony where there was no evidence of muscular atrophy or other physical sign of "inactive, totally incapacitated individual"). In spite of plaintiff's claims of disabling pain, the report of a February 1, 2006, Internal Medicine Evaluation, reflected that plaintiff walked normally without an assistive device, had a normal gait and no muscle atrophy. (AR 16-17) (citing Exhibit F at 24 (AR 197]). In a May 10, 2007 Internal Medicine Evaluation, another consultative examining physician noted that plaintiff experienced pain on flexion of his back, but there was still a "full range of motion with no tenderness or spasm, and straight leg raising was negative." (AR

17) (citing Exhibit F88 [AR 133]). The ALJ also noted that none of the consultative examinations or treating sources lend support to plaintiff's testimony that swelling in his feet limit ambulation. (AR 18 n.2). Moreover, contrary to plaintiff's claims of disabling mental symptoms, based on an independent examination, a consultative psychiatrist stated that plaintiff had no psychiatric work-related limitations at all. (AR 18) (citing Exhibit F78-F84 [AR 137-43]).

Finally, as the ALJ noted, the residual functional capacity assessment includes limitations "more favorable" to plaintiff than the objective medical evidence supports – *i.e.* the ALJ included a sit/stand option in plaintiff's residual functional capacity assessment "giving [plaintiff] the benefit of the doubt" – in spite of substantial evidence that plaintiff was less restricted. (AR 17, 19). While plaintiff suggests that the medical evidence shows otherwise (Plaintiff's Motion at 9), this Court will not second-guess the ALJ's reasonable interpretation of the medical evidence, even if such evidence could give rise to inferences more favorable to plaintiff.[3]

As the ALJ made specific findings stating clear and convincing reasons supported by substantial evidence for discrediting plaintiff's allegations regarding his symptoms and limitations, the ALJ's credibility determination does not warrant a reversal or remand.

///
///
///
///

---

[3] To the extent plaintiff alleges that the ALJ erred by completely failing to account for certain limitations – *i.e.* plaintiff's stated inability to lift with his right hand, and his alleged need usually to lay down – his claim does not merit relief. Plaintiff merely disputes the ALJ's reasonable interpretation of the objective medical evidence, which is, nonetheless, solely within the purview of the ALJ. Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989)).

**V. CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 28, 2010

                                              /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE